The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72701-1048
Dear Senator Malone:
You have requested an Attorney General opinion concerning a contract for construction management. I am issuing the following opinion in response to your request.
Your questions are:
 (1) Is a city authorized to contract for construction management on a city building project without passing an ordinance pursuant to A.C.A. § 19-11-801 to define construction management as a "professional service"?
 (2) If the response to Question 1 is yes, can the city consider price as one factor in selecting applicants for construction management?
 (3) If the city chose to define construction management as a "professional service," would the city be barred under A.C.A. § 19-11-801(a) from considering price until after the initial selection of the top construction management person or firm had been completed?
You indicate that your questions concern the City of Fayetteville, which is a city of the first class.
RESPONSE
Question 1 — Is a city authorized to contract for construction managementon a city building project without passing an ordinance pursuant toA.C.A. § 19-11-801 to define construction management as a "professionalservice"?
As an initial matter, I must point out that the question of whether any particular service constitutes a "professional service" within the meaning of A.C.A. § 19-11-801 is a question of fact. See Gibson v. Heiman,261 Ark. 236, 547 S.W.2d 111 (1977) (noting that the term "construction management" is ambiguous). Because I do not have all of the relevant factual information about "construction management," I am unable to state whether it is a "professional service" within the meaning of A.C.A. §19-11-801, or whether it should therefore be designated as such. I will not address that factual question herein. However, I note that the factual issue of whether construction management is a professional service is crucial to the manner in which the contract for such service is obtained. I will explain this conclusion more fully below.
If construction management is, in fact, a professional service, it must be designated as such pursuant to A.C.A. § 19-11-801, and the contract must be negotiated on the basis of demonstrated competence and qualifications for the service. The Arkansas legislature has unequivocally stated its intent that professional services contracts be negotiated on this basis.
The pertinent provisions of A.C.A. § 19-11-801 state:
 (a) It is the policy of the State of Arkansas and political subdivisions that the state and political subdivisions shall negotiate contracts for professional services on the basis of demonstrated competence and qualifications for the type of services required and at fair and reasonable prices and to prohibit the use of competitive bidding for the procurement of professional services.
* * *
 (c) For purposes of this subchapter, the term "professional services" shall include legal, architectural, engineering, land surveying, and such other consulting services as the political subdivision shall designate by two-thirds vote of its governing body.
A.C.A. § 19-11-801(a) and (c).
The above-quoted provisions are mandatory. Therefore, if construction management is a professional service, the contract for it must be negotiated as required by these provisions.
If, on the other hand, construction management is not a professional service, the provisions of A.C.A. § 19-11-801 cannot be utilized. Under that scenario, there are various methods by which a contract for this service can be obtained.
First, if construction management is not a professional service, and if the cost of this service will not exceed the sum of $10,000.00, the city must obtain the contract for this service in the manner provided by the city's ordinances that govern expenditures within this price range. Cities of the first class are required to determine by ordinance the procedure for making expenditures that do not exceed the sum of $10,000.00. See A.C.A. § 14-58-303(b)(1)(A).
Second, if construction management is not a professional service, and if the cost of the construction management service will be more than $10,000.00 and less than $20,000.00, the city must either obtain bids pursuant to the requirements of A.C.A. § 14-58-303(b)(2)(A), or it may waive the bidding requirement pursuant to A.C.A. § 14-58-303(b)(2)(B).
A.C.A. § 14-58-303 states in pertinent part:
 (b)(2)(A)(i) In a city of the first class, where the amount of expenditure for any purpose or contract exceeds the sum of ten thousand dollars ($10,000), the mayor or the mayor's duly authorized representative shall invite competitive bidding thereon by legal advertisement in any local newspaper.
 (ii) Bids received pursuant to the advertisement shall be opened and read on the date set for receiving the bids in the presence of the mayor or the mayor's duly authorized representative.
 (iii) The mayor or the mayor's duly authorized representative shall have exclusive power to award the bid to the lowest responsible bidder, but may reject any and all bids received.
 (B) The governing body, by ordinance, may waive the requirements of competitive bidding in exceptional situations where this procedure is deemed not feasible or practical.
A.C.A. § 14-58-303(b)(2).
Third, if construction management is not a professional service, and if the cost of the construction management service exceeds the sum of $20,000.00, the city must obtains bids pursuant to A.C.A. § 22-9-203. That statute requires certain governmental entities (including municipalities) to obtain bids for all contracts providing for "the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements[,]" if such contracts have a value exceeding $20,000.00. A.C.A. § 22-9-203(a).
I must emphasize that cities cannot circumvent relevant bidding requirements simply by passing an ordinance designating construction management (or any other service) as a professional service. The service must in fact constitute a professional service within the meaning of A.C.A. § 19-11-801 in order for that approach to be utilized.
Question 2 — If the response to Question 1 is yes, can the city considerprice as one factor in selecting applicants for construction management?
As indicated in response to Question 1, the situations in which a city will be permitted to contract for construction management without designating it as a professional service pursuant to A.C.A. § 19-11-801
will normally involve bidding (unless the amount of the contract is less than $10,000.00 or unless the waiver provision of A.C.A. §14-15-303(b)(2)(B) is invoked). Thus, in those situations, the city will be following the bidding procedures required by either A.C.A. § 14-58-303
or A.C.A. § 22-9-203. It is my opinion that if the city has followed these bidding procedures, it can consider price in selecting among the bidders for construction management.
Indeed, the language of both of these statutes appears to require some consideration of price in making a selection among bidders.[1] Again, the pertinent part of A.C.A. § 14-58-303 states: "The mayor or the mayor's duly authorized representative shall have exclusive power to award the bid to the lowest responsible bidder, but may reject any and all bids received." A.C.A. § 14-58-303(b)(2)(A)(iii) (emphasis added).[2]
Similarly, A.C.A. § 22-9-203 makes repeated reference to "the apparent responsible low bidder." This language of both statutes clearly contemplates a consideration of price.
A.C.A. § 14-58-303 does not address the question of what factors must be considered in a situation where the requirement of bidding has been waived by ordinance pursuant to A.C.A. § 14-58-303(b)(2)(B). However, because the price factor can be considered in all other situations, it would seem to follow that price could be considered in the "exceptional situation" contemplated by A.C.A. § 14-58-303(b)(2)(B).
Question 3 — If the city chose to define construction management as a"professional service," would the city be barred under A.C.A. §19-11-801(a) from considering price until after the initial selection ofthe top construction management person or firm had been completed?
It is my opinion that if construction management is a "professional service," and has been designated as such pursuant to A.C.A. §19-11-801, the city cannot consider price as a factor in selecting applicants for construction management. This conclusion is dictated by the Arkansas Supreme Court's decision in Graham v. Forrest City HousingAuthority, 304 Ark. 632, 803 S.W.2d 923 (1991). In that case, it was argued that a city violated the prohibition against competitive bidding because its request for proposals from engineering firms for a construction project to correct a soil erosion problem required that the firms submit, along with other information, an estimated price for their services. The court agreed with the argument, and held that the city had violated the prohibition by requiring the submission of price information before it had selected a qualified firm for the project.
In interpreting A.C.A. § 19-11-801 et seq., the court found that the prohibition against competitive bidding was directed at the consideration of price in selecting a firm. The purpose of these statutes, the court held, was to require that firms be selected on the basis of qualifications rather than price, and to require that fair and reasonable prices be negotiated.
Under the holding of Graham v. Forrest City, therefore, I must conclude that the city's consideration of price before choosing the most qualified firm would be improper.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] If the situation is one that does not involve bidding because the cost of the service does not exceed $10,000.00, the consideration of price must be consistent with the city's ordinance that governs expenditures within this price range. A.C.A. § 14-58-303(b)(1)(A).
[2] However, the city can consider factors other than price. See Op. Att'y Gen. No. 98-111.